UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARIN ANFINSON, on her own
behalf and others similarly situated,

    Plaintiff,

                                          Case Number _____

v.

TRUE BLUE OF PINELLAS, INC., and
FRANCES E. WELT in her individual capacity.

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, was an employee of Defendants, and brings this action for unpaid and also overtime wages (§ 6&7), and other relief under the Fair Labor Standards Act. Additionally, Plaintiff seeks minimum wages under Article X, Section 24 of the Florida Constitution, unpaid wages under Chapter 448 of the Florida Statutes.

2. Defendant True Blue of Pinellas, Inc. operates and conduct business in Pinellas County, Florida, and are therefore, within the jurisdiction of the Court. Defendant Frances E. Welt, is the sole owner, alter ego and controlling party over True Blue of Pinellas, Inc., and was, at all material times, Plaintiff's direct supervisor and boss, overseeing all aspects of Plaintiff's employment.

3. This action is brought under the FLSA to recover from both Defendants, minimum wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs. Additionally, Plaintiff seeks minimum wages under Article X, Section 24 of the Florida Constitution and unpaid wages under Chapter 448 of the Florida Statutes.

4. The Court has original jurisdiction over Plaintiff's minimum wage/overtime (29 U.S.C. § 207) claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state constitutional minimum wage claim, unpaid wages claim (Fla. Stat. § 448.08) and claims pursuant to 28 U.S.C. § 1367(a).

5. At all material times relevant to this action, Defendant True Blue of Pinellas, Inc. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Similarly, Defendant Frances E. Welt, in her capacity as Plaintiff's direct supervisor qualifies as a statutory employer and property party to this action under the FLSA.

6. Defendants, collectively, employed Plaintiff as defined by 29 U.S.C. § 203(d).

7. Defendants, collectively, employed Plaintiff in a position that did not involve significant discretion. Likewise, Plaintiff was not employed by either Defendant in a managerial capacity. Plaintiff was employed as an hourly employee in a position that involved running errands, arranging flowers, using the computers, responding to the employer's text messages and receiving facsimile transmission and working up orders for flowers. Plaintiff was employed by Defendants for approximately the period of eighteen months preceding the filing of this lawsuit. Upon information and belief, Defendants employee at least three or more employees who were also not paid in accordance with the law.

8. Plaintiff's work involved interaction with the instrumentalities of interstate commerce, and was individually entitled to the protections of the FLSA, as evidenced above.

9. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants, collectively, for which no provisions were made by Defendants, collectively, to properly pay Plaintiff for all hours worked in excess of forty within a work week, and to ensure that Plaintiff was paid at the minimum wage for each hour worked within a work week.

10. During Plaintiff's employment with Defendants, collectively, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks. In fact, there are numerous weeks in which Plaintiff was paid no wages at all, despite repeated and ongoing promises from Defendants, that Defendant would pay the wages due and owing.

11. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff is in the possession and custody of Defendants, collectively. Notably, Plaintiff did send a pre-suit demand for wages on January 12, 2017. Defendants, collectively, did not respond to Plaintiff's pre-suit demand in any material manner. Defendants did place a phone call to Plaintiff, but did not contest the amount of wages due or demanded in Plaintiff's letter of January 12, 2017.

**COUNT I – RECOVERY OF UNPAID AND OVERTIME COMPENSATION**

12. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-11 above.

13. Plaintiff was entitled to be paid time at one-half her regular rate of pay for each hour worked in excess of forty (40) per work week. During her employment with Defendants, collectively, Plaintiff regularly worked overtime hours and was not paid time

and one half compensation for same. Plaintiff did not receive a substantive response in regard to her plea for straight/overtime wages, as indicated above.

14. As a result of Defendants', collectively, intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

15. As a result of Defendants', collectively, willful violation of the FLSA, Plaintiff is entitled to liquidated damages

16. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants, collectively, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which neither Defendant did properly compensated Plaintiff, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II – RECOVERY OF MINIMUM WAGES UNDER ARTICLE X SECTION 24 OF THE FLORIDA CONSTITUTION

17. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-11 above.

18. As of May 2005, Pursuant to Article X, Section 24 of the Florida Constitution, Plaintiff was entitled to be paid minimum wage of $7.93 (the rate increases each year) for each hour she worked during her employment with Defendants, collectively. Presently, Plaintiff is owed at least 8.05 an hour for all regular-straight time hours worked for any week in which Plaintiff worked less than forty hours any given week.

19. Defendants, collectively, willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution. As a result of Defendants' collective actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during her employment with Defendants.

20. As a result of Defendants', collectively, deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with each named Defendant.

21. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, interest, reasonable attorneys' fees and costs incurred in this action.

### COUNT III – RECOVERY OF UNPAID WAGES
### UNDER CHAPTER 448, FLORIDA STATUTES

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-11 above.

23. Plaintiff worked numerous hours for Defendants, collectively, and did not receive any compensation, whatsoever. Defendants, therefore, wrongfully deprived Plaintiff of wages to which she has been lawfully entitled.

24. Plaintiff has been damaged as a result of Defendants. collective failure to pay her the agreed upon wages to which she has been entitled.

25. Pursuant to Fla. Stat. § 448.08, Plaintiff is entitled to the costs of this action and a reasonable attorneys' fee.

WHEREFORE, Plaintiff demands judgment against Defendants for the unpaid wages found to be due and owing, prejudgment interest, reasonable attorneys' fees and

costs incurred in this action, and any and all further relief this Court deems just and appropriate.

Dated this 13th day of January 2017.

Under penalty of perjury, I hereby swear and affirm that the factual information provided above is true and accurate.

*[signature]*

Karin Anfinson

*/s/ W. John Gadd*
W. JOHN GADD, ESQUIRE
LAW OFFICE OF W. JOHN GADD, P.A.
Florida Bar No. 463061
Bank of America Building
2727 Ulmerton Road - Suite 250
Clearwater, FL 33762
Telephone: (727) 524-6300
Counsel for Plaintiff

Email:wjg@mazgadd

jez@mazgadd.com