UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARIN ANFINSON, on her own behalf
and others similarly situated,

  Plaintiff,

v.                Case No: 8:17-cv-210-T-17JSS

TRUE BLUE OF PINELLAS, INC. and
FRANCES E. WELT, in her individual
capacity,

  Defendants.
_____

**<u>ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT</u>**

  Before the Court is the Motion for Default Judgment ("**Motion**") (Doc. No. 17) filed against the Plaintiff, Karin Anfinson. Neither of the Defendants, True Blue of Pinellas, Inc. and Frances E. Welt, filed a response to the Motion. The Court finds that at this juncture the Motion is not well-taken, and **DENIES WITHOUT PREJUDICE** the Motion.

**I. Legal Standard**

  The Plaintiff asks this Court to enter default judgments against the Defendants pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.[1] (Doc. No. 23 at 1). The

---

[1] The Defendants failed to answer the Plaintiff's complaint within 21 days after service. Fed. R. Civ. P. 12. The Court reviewed all of the filings in this case, and determined that the Defendants have taken no steps to defend the lawsuit. The Clerk entered defaults against the Defendants on February 22, 2016. *Clerk's Default*, Doc. No. 13. A defaulted defendant is entitled to notice prior to entry of judgment only if the defendant has appeared in the action. *Gibbs v. Ferrentino Corp. No. 1*, No. 809-CV-575-T-33TGW, 2009 WL 2423102, at *1 (M.D. Fla. July 30, 2009). Thus, the Court finds that this Motion is ripe for ruling and the entry of this order.

entry or denial of a motion for a default judgment is within this Court's discretion. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). A defendant admits all well-pleaded allegations of fact contained in a plaintiff's complaint by defaulting. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

Nonetheless, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 (11th Cir. 1997). Thus, a defendant's default does not automatically permit the court to enter a default judgment. *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). The court must look to the sufficiency of the complaint and the complaint's allegations before entering a default judgment. *See id.* A defendant admits neither (1) facts that are not well-pled nor (2) conclusions of law contained in the complaint. *Id.*

## II.   Background and Procedural History

On January 26, 2017, the Plaintiff initiated this action when she filed the Complaint against the Defendants. *Complaint*, Doc. No. 1. Service of the Complaint was executed on January 28, 2017. *Proof of Service*, Doc. Nos. 9-10. On February 22, 2017, the Clerk entered a default against the Defendants. *Clerk's Default*, Doc. No. 13. The Motion presently before the Court is ripe.

The Plaintiff asserts a claim under the Fair Labor Standards Act. *Complaint*, Doc. No. 1, ¶ 1. The Plaintiff alleges that she worked for the Defendants in an employee and employer relationship. *Id.* Her work did not permit her to exercise significant discretion, nor did she serve as a manager. *Id.*, ¶ 7. Her paid-by-the-hour job involved running errands, arranging flowers, using the computers, responding to text messages, and receiving facsimile transmissions and "working up orders for flowers." *Id.* She served as

an employee for eighteen months. *Id.* The Plaintiff asserts that her work "involved interaction with the instrumentalities of interstate commerce…" *Id.*, ¶ 8.

The Plaintiff claims that she was not properly payed for all hours worked in excess of forty within a work week. *Id.*, ¶ 9. There were several weeks in which the Plaintiff was paid no wages at all, despite repeated and ongoing promises to pay those wages. *Id.*, ¶ 10.

### III.  Analysis

There are two claims at issue. The first is for FLSA overtime violations, and the second is for Florida statutory violations of the state unpaid wages law. The Court will address the sufficiency of the Complaint as to each claim in turn.

The Plaintiff alleges that the Defendants violated 29 U.S.C. § 207 by failing to pay her overtime. That section provides

> no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). In 29 U.S.C. § 216(b), the FLSA codifies an employee's right to sue employers for withholding overtime pay. *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015). The FLSA defines employees, with some narrow exceptions, as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). Employees may (1) file suit directly against an employer that violates the FLSA, or (2) make a derivative claim against any person who acts on behalf of the employer or "asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

"An unpaid-overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work." *Bailey*, 776 F.3d at 801. Courts may impute knowledge of unscrupulous overtime practices to employers when "supervisors or management 'encourage [ ] artificially low reporting.'" *Id.* (internal citations omitted). There are two ways for employees to establish that they are covered by the FLSA's overtime protections. *Id.* First, employees can claim "individual coverage" if they "directly participate[ ] in the actual movement of persons or things in interstate commerce." *Id.* Second, employees can claim enterprise coverage if they are "employed in an enterprise engaged in commerce or in the production of goods for commerce." *Id.* at 1298-1299. An enterprise is engaged in commerce if it

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and*
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

*Id.* at 1299.

With the FLSA framework in mind, the Court begins its analysis. The Defendants were alleged to have collectively employed the Plaintiff. She worked, according to the Complaint, as an hourly employee who did not have managerial or discretionary tasks. She alleged that her work involved interaction with the instrumentalities of interstate commerce, and showed that she was entitled to FLSA protection. She further alleged that she was not properly paid for hours worked in excess of forty within a week, and did not receive minimum wage for each hour worked within a work week.

The Florida Constitution professes a strong statement of public policy that all working Floridians shall be eligible for a minimum wage that is sufficient to provide a

4

"decent and healthy life for them and their families…" Fla. Const. art. X, § 24(a). To implement this policy, the Florida Legislature enacted Section 448.110 of the Florida Statutes. *Throw v. Republic Enter. Sys., Inc.*, No. 8:06-CV-724-T-30, 2006 WL 1823783, at *2 (M.D. Fla. June 30, 2006). The statute incorporated by reference the FLSA's provisions. § 448.110(3). There is an additional notice requirement in the statute that requires the plaintiff to notify the employer in writing of an intent to initiate the action, identify the minimum wage being sought, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice. § 448.110(6)(a).

Here, the Court has no information permitting it to find that the condition precedent to the initiation of suit under Florida law has been met. While the complaint does contain an allegation for pre-suit demand, it does not contain sufficient factual allegations for the Court to conclude that § 448.110(6)(a) was satisfied.

With the pleading requirements resolved, the Court finds that entering a default judgment at this juncture would be premature. Federal Rule of Civil Procedure 55(b) specifically contemplates the need for a hearing to determine damages. Such is the case here. The Court finds that there are no readily ascertainable figures to calculate the appropriate damages in this matter. While in the motion for default judgment the Plaintiff asserts that she is owed at least $7,200 in unpaid wages, it appears that there is no documentary or other evidence tending to readily approve that this amount, or other damages and fees, should be awarded. Accordingly, the Court will not enter a judgment on the Motion until it can be proved that the amount is a liquidated sum or one capable of

mathematical calculation. Quite simply, the Court does not have the essential evidence before it to determine the matter. Thus, the Court cannot enter judgment.

## IV. Conclusion

Accordingly, it is **ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE**. The Plaintiff may file an amended Motion, and seek leave for a hearing to determine the amount of damages in accordance with Rule 55(b) and whether a renewed motion for default judgment should be granted.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 8th day of December, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties