UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KARIN ANFINSON, on her own
behalf and others similarly situated,**

    Plaintiff,

                          Case Number: 8:17-cv-00210-EAK-JSS

v.

**TRUE BLUE OF PINELLAS, INC., and
FRANCES E. WELT in her individual capacity.**

    Defendants.

_____/

**PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiff pursuant to Federal Rule of Civil Procedure 55(b)(2), seeks an Order by the Court entering judgment of default against the Defendant, and in favor of the Plaintiff and in support thereof, states as follows:

1. On January 26, 2017, Plaintiff timely filed a Fair Labor Standards Act complaint against the Defendant for wage and hour violations in regards to Plaintiff not being paid for all the hours that Plaintiff worked. (Dkt. 1).

2. On January 12, 2017, prior to filing her complaint, Plaintiff sent Defendant correspondence regarding the nature of her claim and. (Exhibit A).

3. Plaintiff's January 12, 2017, correspondence provided Defendant with sufficient notice of the nature of her claims. Further, the correspondence provided Defendant with a demand of $7,200.00 for unpaid wages.

4. More than ten (10) days passed between Plaintiff mailing of her correspondence to Defendant and Plaintiff filing her complaint.

5. Plaintiff properly noticed Defendant of her claim prior to initiating this lawsuit, in accordance with F.S. § 448.110(6)(a).

6. Defendant did not respond to Plaintiff's January 12, 2017, correspondence.

7. Plaintiff's complaint was duly served and thereafter Defendant failed to file an Answer.

8. Plaintiff filed for a Clerk's Entry of Default on February 22, 2017. (Dkt.12).

9. On February 22, 2017, the Clerk entered default against Defendants (Dkt. 13)

10. The Complaint at issue pleads counts against Defendants for, *inter alia*, violation of the Fair Labor Standards Act., *et seq.*, (hereafter "FLSA"), (Dkt. 1).

11. Plaintiff pled in her Complaint that Defendant did pay her in accordance with the FLSA. (Dkt 1).

12. Defendant failed to pay Plaintiff at least $7,200.00 during the period of time in which Plaintiff was working for Defendant, which well within the statute of limitations provided for under the FLSA as a matter of law. (Dkt. 16). Plaintiff seeks to recover liquidated damages in the amount of $7,200.00 as well as attorney fees ($3,937.50) and costs($510.00), for a total amount of $18,847.50 as judgment against Defendants. (Id).

13. For the reasons set forth below, Plaintiff is entitled to a final default judgment against Defendant with respect to the FLSA claim asserted in Plaintiffs' Complaint (Dkt. 1).

**MEMORANDUM OF LAW**

**I.     Default Judgment Under Fed. R. Civ. P. 55(b)**

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." United States v. Fleming, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517,*9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Id. (quoting Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir.1986)). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." Broad. Music, Inc. v. PRB Productions, Inc., 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla.  2014)(citing Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999). "Rather, the Court determines the amount and character of damages to be awarded." Isaula v. Chicago Rest. Group, LLC, 13-CV-24387-JLK, 2014 WL 3477917, *1 (S.D. Fla. 2014) (quoting Miller, 75 F.Supp.2d at 1346 (M.D.Fla.1999)).

Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Fleming, supra, 114 A.F.T.R. 2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting United Artists Corp. v. Freeman, 605 F. 2d 854, 857 (5th Cir.1979) [1] and citing SEC v. Smyth, 420 F. 3d 1225, 1231–32 (11th Cir. 2005). "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Id. (citing Smyth, 420 F. 3d at 1232 n. 13). *See also* Broad. Music, 2014 WL 3887509 at *2.

3

Moreover, "[a] default judgment has the effect of establishing as fact the plaintiff's well- pled allegations of fact, and bars the defendant from contesting those facts on appeal." <u>Massachusetts Mut. Life Ins. Co. v. Hunter</u>, 8:12-CV-1628-T-33AEP, 2012 WL 6094122, *1 (M.D. Fla. 2012) (citing <u>Tyco Fire & Sec. LLC v. Alcocer</u>, 218 F. App'x 860, 863 (11th Cir. 2007) (citing <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F. 2d 1200, 1206 (5th Cir. 1975)).

### Statutory Basis for FLSA Claims

The provision of the FLSA applicable to this case include section(s)  29 U.S.C. §§ 201-209.  Under the FLSA, Plaintiff is entitled to be paid for each hour that Plaintiff worked for Defendant at the correct rate of pay. The underlying complaint alleges that Defendant willfully and/or knowingly violated the FLSA with respect to Plaintiff by failing to pay Plaintiff properly under the law.  Plaintiff worked for Defendant from March 1, 2014 to January 3, 2016, and is owed at least $7,200.00 in unpaid wages and $7,200.00 in liquidated damages in the form of wages for work that Plaintiff performed on Defendants' behalf for which Defendants did not properly pay Plaintiff.  Defendants have raised no defenses in this case and Defendants have not filed any opposition to the claims of Plaintiff nor the amount sought by Plaintiff.

### Damages Under The FLSA

The FLSA provides for the recovery of unpaid wages and liquidated damages as well as costs and reasonable attorney fees. 29 U.S.C.A. § 216(b).  In this case, Plaintiff is owed $7,200.00 for wages time she worked for Defendants but was not paid by Defendants in violation of the FLSA, as codified by 29 U.S.C.A. § 206-207. Furthermore, the FLSA provides for liquidated damages which would double the amount of the unpaid wages due and owing to Plaintiff by Defendants.  This amount would equate to the amount of $14,400.00.  Attorney

time expended in this matter, including the filing of this motion is 11.25 hours, based upon $350.00 per hour and $510.00 in costs including only the filing fee and the service of process fee.

## Conclusion

For the reasons set forth above, Plaintiff respectfully requests that this Court enter default judgment against Defendants with respect to the FLSA claim in the amount of $18,847.50 as well as post- judgment interest, and for such other relief as this Court deems just and proper.

Dated February 1, 2018.

Respectfully submitted,

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the original of the foregoing was filed with the Court by using the CM/ECF system, which we will send a notice of electronic filing to all attorneys of record on this 1st day of February, 2018.

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Info@KyleLeeLaw.com
*Counsel for the Plaintiff*