UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARIN ANFINSON,

      Plaintiff,

v.                                         Case No: 8:17-cv-210-T-17JSS

TRUE BLUE OF PINELLAS, INC. and
FRANCES E. WELT,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Amended Motion for Default Judgment ("Motion"). (Dkt. 20.) The Court held a hearing on the Motion on August 24, 2018, during which Karin Anfinson ("Ms. Anfinson") testified and presented evidence. Neither True Blue of Pinellas, Inc. ("True Blue") nor Frances E. Welt ("Ms. Welt") appeared at the hearing. Upon consideration of the arguments, the evidence elicited at the hearing, and for the reasons that follow, it is recommended that the Motion be granted in part and denied in part.

## BACKGROUND

On January 26, 2017, Ms. Anfinson filed suit against True Blue and Ms. Welt, alleging unpaid overtime under the Fair Labor Standards Act ("FLSA") (Count I), unpaid minimum wages under Article X, Section 24 of the Florida Constitution (Count II), and unpaid wages under Chapter 448 of the Florida Statutes (Count III). (Dkt. 1.) Ms. Anfinson filed proof of service as to both True Blue and Ms. Welt (Dkts. 9, 10), but neither defendant answered.

After entry of a Clerk's default against both defendants, Ms. Anfinson moved for default judgment. (Dkt. 17.) However, the Court found that it lacked the essential evidence to enter judgment and denied the motion without prejudice. (Dkt. 19 at 6.) Ms. Anfinson then filed the

instant Motion (Dkt. 20) and moved for a hearing to determine damages (Dkt. 21).  Subsequently,

Ms. Welt filed a Notice of Bankruptcy Discharge (Dkt. 22) and the Court ordered Ms. Anfinson

to show cause why the Motion should not be denied based on the notice.  (Dkt. 23.)  In response,

Ms. Anfinson argued that True Blue is not protected by Ms. Welt's bankruptcy proceeding.  (Dkt.

24 at 2.)  The Court then discharged the order to show cause and granted Ms. Anfinson's motion

for a hearing.  (Dkts. 25, 26.)  On August 24, 2018, the Court held a hearing on the Motion, at

which Ms. Anfinson testified as to her damages.  (Dkt. 34.)  Neither True Blue nor Ms. Welt

appeared at the hearing.

## APPLICABLE STANDARDS

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk

of the court must enter a default against the party against whom the judgment was sought.  Fed. R.

Civ. P. 55(a); *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant must serve an

answer within twenty-one days after being served with the summons and complaint).  If the

plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's

request and upon an affidavit of the amount due, must enter a judgment by default.  Fed. R. Civ.

P. 55(b)(1).  In all other cases, the party entitled to judgment must apply to the district court for a

default judgment.  Fed. R. Civ. P. 55(b)(2).  A court may enter a default judgment against a

defendant who never appears or answers a complaint, "for in such circumstances the case never

has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130,

1134 (11th Cir. 1986).

# ANALYSIS

## A.  Proper Parties

As an initial matter, Ms. Welt and True Blue both remain defendants in this action.  Based on the Motion (Dkt. 20 at 5) and the hearing, it appears Ms. Anfinson seeks default judgment against both.  However, Ms. Welt's Notice of Bankruptcy Discharge shows that Ms. Welt received a discharge under Chapter 7 of the Bankruptcy code.  (Dkt. 22 at 8.)  Additionally, the notice states that the debt of Ms. Anfinson was listed as a disputed debt in the bankruptcy petition.  (Dkt. 22 at 1.)  Ms. Anfinson stated that she did not file a claim in the bankruptcy case, nor does she appear to dispute the discharge.  As such, the discharge "operates as an injunction against the commencement or continuation" of this action against Ms. Welt.  11 U.S.C. § 524(a)(2).  Additionally, any judgment entered against her would be void.  11 U.S.C. § 524(a)(1).  Therefore, it is recommended that the Court dismiss the claims against Ms. Welt with prejudice.  *See In re Meadows*, 428 B.R. 894, 911 (Bank. N.D. Ga. 2010) (ordering a party to cancel a judgment obtained and dismiss a state court action on a debt that had been discharged).

## B.  Proper Claims

As to True Blue, there are three causes of action alleged in the Complaint.  (Dkt. 1.)  The instant Motion seeks default judgment only as to the FLSA claim (Count I).  (Dkt. 20.)  Accordingly, this Report and Recommendation addresses only Count I.

"While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (cleaned up).  Thus, default judgment is "only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1205 (5th

Cir. 1975)).  "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

The Court denied the original motion for default judgment because it could not determine damages.  (Dkt. 19 at 6.)  In doing so, the Court found that Ms. Anfinson had alleged facts sufficient to state a claim under Count I.  (Dkt. 19 at 3–4.)  As such, by its default, True Blue is deemed to have admitted liability under Count I.

### C.  Proper Damages

Although liability is admitted, "damages are not admitted by virtue of default." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  Instead, "the Court determines the amount and character of damages to be awarded." *Id.*  This can be particularly challenging in FLSA cases where the employer—the one who typically holds the employee's work records—does not appear and participate in discovery.

At the evidentiary hearing, Ms. Anfinson offered no documentary evidence as to what days and hours she worked that she was not paid for.  As to her typical schedule, she offered no documentary evidence and her testimony appeared to be contradictory.  However, she testified, consistent with her previous filings, that she believes she was underpaid by at least $100 per week for approximately seventy-two weeks, for a total of $7,200 in unpaid wages.  Additionally, she testified that she witnessed her employer tear up one of her time cards, which appears to be at least partially why she lacked documentary evidence.

As the Eleventh Circuit has explained,

> where the employer's records are inaccurate or inadequate and the employee proves [s]he performed work for which [s]he was not properly compensated, the burden shifts to the employer to prove its claim or disprove the employee's, and upon failing to do so, the court can award damages to the employee even if the result is only approximate.

*Etienne v. Inter-County Security Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)).  Because True Blue did not answer or appear, the uncontradicted evidence is that Ms. Anfinson was underpaid by approximately $7,200. The Court may award $7,200 in damages, despite its approximation.

Additionally, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  As such, it is recommended that the Court award an additional $7,200 in liquidated damages, for a total of $14,400 in damages.

### D.  Proper Fees

Ms. Anfinson also asks the Court to award attorney's fees and costs.  (Dkt. 20 at 4–5.) However, Ms. Anfinson has not provided any supporting documentation, either in the Motion or at the evidentiary hearing.  It is recommended that this request be denied without prejudice to file a motion with supporting documentation, pursuant to Fed. R. Civ. P. 54(d) and Local Rule 4.18, within fourteen days following the entry of final judgment.

### E.  Proper Judgment

"When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  Rule 54(b) codifies the "historic practice of 'prohibit[ing] piecemeal disposition of litigation and permitting appeals only from final judgments,' except in the 'infrequent harsh case' in which the district court properly makes the determinations contemplated by the rule."  *In re Se. Banking Corp.*, 69 F.3d 1439, 1547

(11th Cir. 1995) (alteration in original) (citing Fed. R. Civ. P. 54(b) advisory committee's note to 1946 amendment).

Although Ms. Anfinson moves for default judgment only on Count I, Counts II and III are based on the same underlying facts and seek the same unpaid wages. *Cf. Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 780 (11th Cir. 2007) (explaining that "even if a district court has adjudicated one count of a complaint, but another count seeks substantially similar relief, the adjudication of the first count does not represent a 'final judgment' because both counts are functionally part of the same claim under Rule 54(b)"). Accordingly, it is recommended that the Court enter partial default judgment on Count I but wait to enter final judgment until after Ms. Anfinson moves for, and receives, default judgment on Counts II and III or voluntarily dismisses those counts.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Amended Motion for Default Judgment (Dkt. 20) be **GRANTED IN PART** and **DENIED IN PART** to the extent specified herein;

2. The claims against Frances E. Welt be dismissed with prejudice;

3. The Clerk be directed to terminate Frances E. Welt as a defendant in this action;

4. Partial default judgment be entered in favor of Karin Anfinson and against True Blue of Pinellas, Inc. in the amount of $14,400 plus post-judgment interest; and

5. Ms. Anfinson be directed to file a motion for attorney's fees and costs within fourteen (14) days of the entry of final judgment.

**IT IS SO REPORTED** in Tampa, Florida, on August 29, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

- 6 -

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Elizabeth A. Kovachevich
Counsel of Record