UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARIN ANFINSON, on her own
behalf and others similarly situated,

        Plaintiff,

v.                                            Case No.:  8:17-cv-00210-EAK-JSS

TRUE BLUE OF PINELLAS, INC., and
FRANCES E. WELT in her individual capacity,

        Defendants.
_____

## ORDER

Before the Court is Plaintiff's Motion for Attorneys' Fees and Costs ("Motion"). (Doc. 39). The Motion is due to be denied without prejudice.

Plaintiff filed a complaint against Defendant True Blue of Pinellas, Inc. and Defendant Frances E. Welt on January 26, 2017, which alleged unpaid overtime compensation under the Fair Labor Standards Act (Count I), unpaid minimum wages per Article X, Section 24 of the Florida Constitution (Count II), and unpaid wages pursuant to Chapter 448 of the Florida Statutes (Count III). (Doc. 1). Plaintiff thereafter filed an Amended Motion for Default Judgment against Defendants, which was referred to the Magistrate Judge. (Docs. 20, 26). On September 14, 2018, the Court entered an Order adopting the Magistrate Judge's Report and Recommendations. (Doc. 36). Pursuant to the Order, partial default judgement was entered against Defendant True Blue of Pinellas, Inc. on Count One in the amount of $14,400 plus post-judgment interest. (Docs. 36, 38).[1] The Order explained that the Court will enter final judgment after Plaintiff "moves for, and

---

[1] The Order also dismissed with prejudice the claims against Defendant Frances E. Welt and directed the Clerk to terminate Frances E. Welt as a defendant in this action. (Doc. 35).

Case No.: 8:17-cv-00210-EAK-JSS

receives, default judgment on Counts II and III or voluntarily dismisses those counts." (Doc. 36). As for attorney's fees and costs, the Order explicitly stated that Plaintiff "is directed to file a motion for attorney's fees and costs *within fourteen days of the entry of final judgment.*" (Doc. 36) (emphasis added). Plaintiff filed her Motion on October 2, 2018, but she has yet to (1) move for, and receive, default judgment on Counts II and III; or (2) move to dismiss those counts. (Doc. 39). Through her Motion, Plaintiff seeks to recover attorney's fees and costs in the amount of $7,510 pursuant to the fee-shifting provisions of the Fair Labor Standards Act. *Id.* Because Plaintiff has failed at this juncture to move for, and receive, default judgment on Counts II and III, or voluntarily dismiss those counts, Plaintiff's Motion is premature and contrary to the directives in the Court's Order.

In addition to being premature and contrary to the Court's directives, Plaintiff's Motion improperly requests attorney's fees. The Fair Labor Standards Act provides that in an action against an employer by an employee for enforcement of § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of action." 29 U.S.C. § 216(b). The United States Supreme Court has explained, "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)) (internal quotations omitted). The applicant for attorney's fees "must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought."

Case No.: 8:17-cv-00210-EAK-JSS

*Bodde v. MI-DE, Inc.*, No. 6:08-cv-880-Orl-28KRS, 2009 WL 3233481, at *3 (M.D. Fla. Oct. 2, 2009) (citing *Hensley*, 461 U.S. at 433). The applicant "should present records detailing the amount of work performed, in which the general subject matter of time expenditures should be set out with sufficient particularly that the court can assess time claimed for each activity." *Carithers v. Mid-Continent Cas. Co.*, No. 3:12-cv-890, 2015 WL 12841075, at *2 (M.D. Fla. Nov. 13, 2015) (citing *George v. GTE Directories Corp.* 114 F. Supp. 2d 1281, 1290 (M.D. Fla. 2000)).

Here, Plaintiff seeks to recover attorney's fees and costs in the total amount of $7,510. Although she has provided the mathematical calculation for this amount, the Motion fails to provide any evidence demonstrating that the requested amount is reasonable. To the extent that Plaintiff seeks to recover attorney's fees and costs in this action, evidence demonstrating the reasonableness of the sought amount must accompany the request.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs is **DENIED WITHOUT PREJUDICE**, with leave for Plaintiff to file an amended motion consistent with this Court's prior Order and this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 4th day of October, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE